IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA HIME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-997-BN |
| | § | |
| AS AMERICA INC d/b/a AMERICAN STANDARD, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tina Hime filed this Opposed Motion for Leave to File Amended Complaint. *See* Dkt. No. 15. Defendant AS America Inc. d/b/a American Standard ("American Standard") filed a response, *see* Dkt. No. 16, and Plaintiff filed a reply, *see* Dkt. No. 18.

For the reasons outlined below, the Court denies the Motion for Leave to File Amended Complaint.

**Background**

Hime suffered an injury while working for American Standard. Another employee, Alexa Rodriguez, operated a forklift although not forklift certified. *See* Dkt. No. 19-3 at 2. As Hime approached the forklift, the forklift ran over Hime. Employees tried to lift the forklift off Hime for ten minutes before driving it off her. *See id.* at 3. Hime states the accident ripped her left leg muscles, requiring skin grafting. *Id.* at 3.

Hime filed a petition in state court, alleging negligence and gross negligence. *See id.* at 3-4. American Standard filed an answer before timely removing this case to federal court on the basis of diversity jurisdiction. *See* Dkt. No. 1.

Hime filed this opposed motion for leave to file amended complaint to allege a new theory of liability – intentional injury. *See* Dkt. No. 15 at 5-6. Hime filed the motion in compliance with the Initial Scheduling Order, before the due date for motions to amend. *See* Dkt. No. 10; Dkt. No. 15.

**Legal Standards**

When, like here, a party is not subject to an expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598.

The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of

the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile"). "The existence of one of these factors is sufficient to deny leave." *New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries,* 56 F.4th 1026, 1034 (5th Cir. 2023).

A court may therefore "refuse leave to amend if ... the complaint as amended would be subject to dismissal," *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] 'evinces a bias in favor of granting leave to amend,' ... a district court need not grant a futile motion to amend." (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (in turn quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)); citation omitted)); *cf. Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Because the Court's futility analysis parallels an analysis of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[u]nder that standard, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' [And a] claim is facially plausible if the complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); internal quotation marks omitted)); *see also Johnson v. City of Shelby,* Miss., 574 U.S. ––––, 135 S.Ct. 346, 347, 190 L.Ed.2d 309 (2014) (per curiam) ("[T]o survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith*

*v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S.Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S.Ct. at 346.

But the Court often looks warily at efforts to preempt an analysis of a new cause of action in the context of a dispositive motion by denying leave in the Rule 15(a) context on the basis of futility. *See Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011) ("[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." (internal quotation marks omitted)).

The Court generally only denies a proposed amendment as futile where the cause of action is not, in fact, newly pleaded or where a new cause of action fails as a matter of law – that is, cannot be stated, rather than simply possibly has not been sufficiently stated in the proposed amended complaint. *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

## Analysis

Hime files her motion for leave to file an amended complaint to assert that American Standard intentionally, as opposed to negligently, injured her through the actions of her supervisor, Bryan Hart. *See* Dkt. No. 15.

American Standard responds that the amended complaint would be futile because Hime does not sufficiently allege an intentional tort that would survive a Rule 12(b)(6) motion and fails to allege that Hart acted as American Standard's vice-principal. *See* Dkt. No. 16 at 4, 10.

Hime's reply argues that American Standard is improperly using its response as a substitute for a motion to dismiss and reiterates the lenient standard for granting leave to amend. *See* Dkt. No. 18 at 4.

The parties do not dispute that American Standard is covered by the Texas Workers' Compensation Act. *See* Dkt. No. 15-1 at 5 ("nor is Plaintiff's recovery limited by the exclusive remedy provision of the Texas Workers' Compensation Act."); Dkt. No. 16 at 5.

"The Texas Workers' Compensation Act [TWCA] is the exclusive remedy for employees who sustain nonfatal work-related injuries." *Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 281 (Tex. 2020). Hime attempts to allege intentional injury – an exception to coverage under the TWCA which "requires that the defendant intend or know that its actions are substantially certain to injure a particular employee." *Id.* at 282.

The Texas Supreme Court has recently upheld the intentional injury exception. In finding that a death resulting from an overworked driver falling asleep and having a car accident was not an intentional injury, the Texas Supreme Court stated:

> Even if the alleged conduct goes beyond aggravated negligence and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wil[l]fully failing to furnish a safe place to work, or even wil[l]fully unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of its accidental character.

*Mo-Vac Serv. Co., Inc. v. Escobedo*, 603 S.W.3d 119, 126 (Tex. 2020) (quoting *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985)). And "the actor must intend the specific result, not merely the actions or circumstances leading up to the result," with specific defined as "an employer's belief that injury is substantially certain … with respect to a particular employee from a definite risk." *Id.* at 127-29.

As American Standard cites, case law illustrates the standard for intentional injury. When employers ordered an allegedly untrained, overworked employee to work with a known dangerous tool, the court held the injury was not substantially certain because none of the prior injuries caused by the machine were debilitating and no one had tampered with the tool so that it would cause injury. *See Reed Tool*, 689 S.W.2d at 407-08. And, when employees' work with an unsafe crane resulted in an employee's leg being crushed, it was not enough to satisfy the intentional injury exception that the employer "predict that someone might be injured, but not who or how or when." *Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 286 (Tex. 2020) (cleaned up).

But a court found there was a question of fact as to intentional injury when a driver was injured from an accident caused by a blown tire after an employer ordered the driver to keep driving the truck even though it had blown multiple tires and was still missing a tire. *See Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 412-13 (Tex. 1989). And there was a genuine issue of material fact as to an intentional injury when an employee was burned after the employer ordered the employee to repair equipment despite knowing the employee would be near bursts of steam throughout the repair. *See Crompton v. Graphic Packaging Int'l, LLC*, No. 5:20-CV-00095-RWS, 2021 WL 6333021, at *4 (E.D. Tex. Nov. 19, 2021).

But, while an overview of the law is necessary, the Court must apply the law under the motion to dismiss standard, determining if Hime's proposed amended complaint has pled beyond "a speculative level" that Hart "intend[ed] or [knew] that [his] actions [were] substantially certain to injure" Hime. *See Berkel*, 612 S.W.3d at 282; *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586 (5th Cir. 2016).

Even assuming that Hart is a vice-principal of American Standard, Hime's allegation that Hart intentionally violated the safety policy and ordered an unqualified person to operate a forklift is not sufficient as a matter of law to allege intentional injury. *See Reed Tool Co.*, 689 S.W.2d at 407 ("The intentional violation of a safety regulation does not authorize recovery beyond that provided by workers' compensation statutes. Even the intentional failure to train an employee to perform a dangerous task does not constitute an intentional injury.").

Hime further alleges that Hart knew she would be working in "close proximity to the forklift in the warehouse operated by Rodriguez, and the dangerous predictable environment." Dkt. No. 15-1 at 4. Hime also states that "Hart knew that Plaintiff was exposed to the danger of being run over by the forklift operated by Rodriguez." *Id.* at 5. Based on these facts, Hime concludes that the "Defendant had knowledge to a substantial certainty that its conduct would bring about harm to Plaintiff." *Id.*

Courts have examined similar allegations under the standard for a motion to dismiss and found them lacking. A court found that "'knowing' an explosion could result" from conduct such as inadequately training employees did not establish intentional wrong. *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007), *aff'd sub nom. Bradley v. Phillips Chem. Co.*, 337 F. App'x 397 (5th Cir. 2009). The Court explained that, "at best," the defendant "intentionally engaged in conduct" that contributed to the accident "that placed [defendant's] employees at severe risk of injury." *Id.*

Similarly, even assuming Hart is American Standard's vice-principal, Hime has, at best, alleged that Hart knew that there was a risk that Hime would be run over by the forklift but still ordered Rodriguez to operate the forklift. This is not sufficient to plausibly allege that Hart was substantially certain that Hime would be injured by the forklift.

And the Court is not required to accept as true Hime's legal conclusion that the factual allegations establish knowledge to a substantial certainty.

While the Court acknowledges the lenient standard for granting leave to amend, the Court is not required to permit an amendment when, as in this case, the factual allegations do not "[allow] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jernigan v. McMillan*, No. 3:22-cv-2580-N-BN, 2023 WL 5516315, at *2 (N.D. Tex. Aug. 3, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). And so, leave will be denied.

## Conclusion

The Court DENIES Hime's Motion for Leave to File Amended Complaint [Dkt. No. 15].

SO ORDERED.

DATED: March 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE